LAW OFFICES OF

# VIKRANT PAWAR

20 VESEY STREET SUITE 1210
NEW YORK NEW YORK 10007

TEL (212) 571 0805
FAX (212) 571 0938

www.pawarlaw.com

writer's email
VIK@PAWARLAW.COM

February 19, 2014

**BY MAIL**
The Clerk of the Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Hough v. The City of New York, et al.,* 13 CV 7611 (AT)

Dear Clerk:

　　　　Enclosed please find plaintiffs' First Amended Complaint for filing. A PDF copy of the amended complaint has been emailed to case-openings.

　　　　　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　　　　　Vik Pawar (VP9101)

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

TROY HOUGH,

                    Plaintiff,

-against-

THE CITY OF NEW YORK, EDWARD FRENCH,
LT. PATRICK HENNESSY, UC#240, UC#48,
P.O. ERIC SHERAR, JOHN and JANE DOES

                    Defendants.

------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Demand

13 CV 7611 (AT)

Plaintiff TROY HOUGH (hereinafter "Plaintiff") by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

**JURISDICTION**

2. The action is brought pursuant to 42 U.S.C. §1981, 1983 1985 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States and New York Constitutions.

1

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a resident of the Bronx and at all times relevant was a citizen of the State of New York and the United States,

7. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. The named defendants and defendant John and Jane Doe are/were members of the NYPD and are sued in their individual and official capacities and are alleged to have acted under the color of state law.

## FACTS

9. On or about February 4, 2012, in the morning, plaintiff left his home at 1357 Washington Avenue, Bronx, New York and was heading to his aunt's house located at 1760 Topping Avenue.

10.     Plaintiff is an African-American male who was talking on his cell-phone during this walk.

11.     All of a sudden and out of nowhere, unmarked police cars pulled up and startled plaintiff.

12.     Soon thereafter, plain-clothes police officers got out of their car with weapons drawn and asked plaintiff "What are you doing?" When plaintiff replied that he was "going to [his] aunt's house," defendants laughed and said "Yeah right."

13.     One of the defendant officers, a white male, told plaintiff "we know who you are and have been watching you." Plaintiff did not know what the officer meant by this statement.

14.     Plaintiff was then violently thrown against one of the unmarked cars and had hand-cuffs tightly placed around his wrists.

15.     At approximately 11 a.m., plaintiff was brought to the precinct where he was strip-searched.

16.     Although, no drugs were found on plaintiff, he was charged with violating Penal Law 220.39(1) (criminal sale of a controlled substance) – a felony; Penal Law 220.06(1) (criminal possession of a controlled substance) – another felony and Penal Law 220.03 (criminal possession of a controlled substance) – a misdemeanor.

17.     Plaintiff was held in jail until February 6, 2012, when he was released around 7 p.m. Plaintiff spent approximately 60 hours in jail.

18.     The bogus charges against plaintiff were eventually dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive force)

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs as if fully set forth herein.

20. Defendants in effectuating the arrest of plaintiff used unnecessary and unreasonable force.

21. Defendants caused plaintiff unreasonable pain by placing the handcuffs tightly behind his back.

22. As a result of defendant's conduct, Plaintiff suffered injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Fourth Amendment Rights)

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs as if fully set forth herein.

24. Plaintiff was false imprisoned for nearly 60 hours and suffered restrain to his liberty in violation of his rights secured under the Fourth Amendment.

25. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution/14th Amendment Violation)

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs as if fully set forth herein.

27. Plaintiff was deprived of his procedural and substantive due process rights in that he was maliciously prosecuted for crimes he did not commit.

28. Before the charges against plaintiff were dismissed, he was deprived of his liberty because he was forced to appear for court numerous times and was in danger of being jailed if he had failed to show up at the hearings.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Rights under 1981)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs as if fully set forth herein.

30. Plaintiff was arrested solely because he was a minority.

31. As recent Courts in this District have recognized, male blacks have been constantly and unnecessarily targeted by the NYPD for unlawful purposes.

32. As a result of his arrest, plaintiff was deprived of his rights secured under the Constitution and he suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Conspiracy under Section 1985)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs as if fully set forth herein.

34. Defendants conspired with one another to arrest plaintiff, to improve their "arrest" numbers and "quotas" and to generate overtime through these illegal arrests.

35. Defendants also conspired to inflate the "statistics" of their work to justify their actions to NYPD high command so that it appeared they were doing something about crime, when in fact they were arresting innocent civilians.

36. As a result of the collective actions of the defendants, plaintiff suffered injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(*Monell* Liability)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs as if fully set forth herein.

38. Defendant City, through the NYPD, has a custom, policy and practice of stopping and arresting male blacks without any justification. These policies have been ruled unconstitutional in recent district court decisions.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting, assaulting and extorting individuals suspected of crimes without due process based on their age, color, and race and for voicing their concerns about improper police activity. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

41. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

42. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants,

Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

44. Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Right to a Fair Trial)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants fabricated and manipulated the evidence to deny plaintiff a fair trial and as a result it forced plaintiff to appear in Court numerous times before the charges against him were dismissed. Defendants had an ulterior motive of increasing their overtime, and statistics and show that they are engaged in law enforcement when in fact they are simply arresting innocent individuals.

47. As a result of this conduct, plaintiff's rights were violated.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. The defendant supervisors were aware of narcotics officers arrests of individuals who had committed no crime but turned a blind-eye to their conduct. As a result they were deliberately indifferent to their past misdeeds and in effect ratified their conduct.

50. As a result, plaintiff was injured.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       February 19, 2014

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
Robert Blossner (RB0526)
*Attorneys for Plaintiff*